

**In the United States District Court
for the Southern District of Georgia
Brunswick Division**

| | | |
|---|---|---|
| MARTIN MARIETTA MATERIALS, INC., | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| UNDERGROUND UTILITY CONTRACTORS, INC. and STANLEY P. SMITH, | : | |
| Defendants. | : | NO. CV204-165 |

**O R D E R**

Plaintiff, Martin Marietta Materials, Inc. ("Martin Marietta"), brought the above-captioned case against Defendants, Underground Utility Contractors, Inc. ("UUC"), and Stanley P. Smith, seeking damages for breach of contract.

Presently before the Court is Martin Marietta's motion for summary judgment. Because genuine issues of material fact remain in dispute regarding some, but not all, of Defendants' alleged indebtedness to Plaintiff, the motion will be **GRANTED** in part, and **DENIED** in part.

AO 72A
(Rev. 8/82)

**BACKGROUND**

In 1996, Martin Marietta began supplying aggregate rock material to UUC for use in UUC's road construction business. Aggregate rock material was used by UUC for road base, pipe bedding, or erosion control, depending on the type and size of the rock supplied.

In 2002, UUC fell behind in its payments on its commercial account with Martin Marietta. Martin Marietta insisted that Smith, UUC's sole stockholder, sign a personal guaranty on UUC's behalf before Martin Marietta would continue to supply materials to UUC. Smith executed a personal guaranty on December 11, 2002, and UUC began paying off the Martin Marietta debt. Smith testified that it took approximately ten months to pay Martin Marietta the $1.5 million dollars that his company owed it. Smith also testified that, while UUC was paying off this debt over the course of 2003, UUC was also paying its new Martin Marietta bills in a timely fashion.

By early 2004, UUC had 170 employees, and operated an asphalt plant in Georgia and another asphalt plant in Florida. However, Smith soon realized that UUC was again having difficulty meeting its financial obligations. Consequently, UUC sold its Georgia asphalt plant, and subleased the Florida

2

AO 72A
(Rev. 8/82)

plant to another company. Smith now operates UUC in an office with two employees in Camden County, Georgia.

From May 31, 2004, to August 9, 2004, Martin Marietta billed UUC $525,935.81. In June and July of 2004, UUC paid Martin Marietta a total of $472,346.89 with four checks. Of that total, Martin Marietta credited UUC's $525,935.81 debt only $12,473.65. According to Martin Marietta, the remainder — $459,873.89 — was applied to debts that UUC had accrued prior to May 31, 2004.

Specifically, Martin Marietta's Southeast area manager, Jay Waddell, offered an affidavit stating that:

> At the present time, there presently remains past due and owing by Utility to Martin Marietta under the above-mentioned open commercial account the total principal amount of $513,462.16 for the materials supplied from May 31, 2004, through August 9, 2004 ($12,473.65 of Invoice 2225131 having been paid.) Even though Utility issued checks to Martin Marietta in the amounts of $50,771.33, $200,393.35, $121,182.21, and $100,000.00 on the respective dates of June 2, 2004, June 30, 2004, July 15, 2004, and July 28, 2004, such checks were tendered as payment for materials which had been provided to Utility prior to May 31, 2004, except for the July 28, 2004, check, which was used to the extent of $12,473.65 to partially satisfy Invoice No. 2225131. I make such statement based on my posting on business records maintained by me for Martin Marietta in the regular course of business Utility's payments made on its open account immediately upon receipt of such payment.

Waddell Aff. ¶ 10.

AO 72A
(Rev. 8/82)

To the contrary, UUC and Smith assert that the monies it disbursed to Martin Marietta in June and July 2004 were for debts then owed, not past debts that Martin Marietta had billed before May 31, 2004.

**SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(c) provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in his favor. . .", United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991)(en banc)(internal quotation marks omitted).

**DISCUSSION**

UUC and Smith assert that Martin Marietta is not entitled to summary judgment because it has failed to prove that the payments that UUC made during the disputed period, June and July 2004, were actually for goods delivered and invoiced prior to May 31, 2004. That is, Defendants assert that Waddell offers no documentary evidence to support his assertion that UUC's payments were for previously accrued debts. Smith and UUC assert that the checks issued by UUC in June and July of 2004 were issued to pay the indebtedness that UUC had accrued to Martin Marietta after May 31, 2004.

There is no ledger in the record showing UUC's account history before May 31, 2004, which could demonstrate the prior indebtedness to which UUC's June and July checks were allegedly credited. Nor has Martin Marietta pointed to any other evidence in the record that demonstrates that the June and July 2004 payments went to paying off prior debts.

The Court concludes that, without such evidence, there remains a genuine issue of material fact regarding whether Martin Marietta is owed any amount in excess of $53,588.92, which is the difference between $513,462.16 and $459,346.89. See, e.g., Five Star Steel Constr., Inc. v. Klockner Namasco

AO 72A
(Rev. 8/82)

Corp., 240 Ga. App. 736, 738 (1999) (In an action on an open account, the court explained that "[t]he respondent does not have to present conclusive proof to rebut movant's evidence; if the respondent produces or points to any specific evidence, even slight, in the record giving rise to a triable issue of material fact, then summary judgment must be denied by the trial court."); see also Golden Oil Co. v. Exxon Co., U.S.A., 543 F.2d 548, 551 (5th Cir. 1976)(providing a detailed statement of account discharges the creditor's burden).

Consequently, summary judgment is appropriate in Martin Marietta's favor only to the limited amount that Smith and UUC have not disputed, $53,588.92.

## CONCLUSION

For the reasons explained above, Martin Marietta's motion for summary judgment is **GRANTED** in part, and **DENIED** in part. See Dkt. No. 27. The Court **GRANTS** summary judgment to Martin Marietta in the amount of $53,588.92, and **DENIES** summary judgment to the extent of the remaining principal indebtedness, and as to any alleged attorneys' fees or interest due.

**SO ORDERED**, this ____6th____ day of December, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA